UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSE WILLIAMS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-6414 |
| PERRY MACK, ET AL. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is Defendants' motion for summary judgment (Rec. Doc. 32). Having carefully reviewed the parties' opposing and supporting submissions, **IT IS ORDERED** that the motion is **DENIED**.

## LAW AND ANALYSIS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving

party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002)..

Applying the foregoing principles to the evidence adduced by the parties, the Court does not find Defendants, on the showing made, to be entitled to the relief they seek. As previously stated by the Court, in ruling on certain of Defendants' *Daubert* motions, the parties' proffered experts may testify whether the symptoms about which Ms. Williams complains are consistent with the type of trauma she has alleged, as well as other possible causes. From there, it is the province of the jury – applying deductive reasoning and making necessary credibility determinations – to determine whether and to what extent Ms. Williams was injured as a result of the September 3, 2012 motor vehicle accident. Although far from incontrovertible, the evidence put forth by Plaintiffs, in response to Defendants' motion, is sufficient to entitle them to have the jury decide these questions.

Given the foregoing, Defendants' motion for summary judgment is denied. This ruling, however, is of course without prejudice to Defendants' right to request judgment in their favor, as a matter of law, at the conclusion of trial, pursuant to Rule 50(a) of the Federal Rules of

Civil Procedure. At present, the Court simply finds that, on the showing made, Ms. Williams is entitled to present evidence supporting her claims to the trier of fact.

New Orleans, Louisiana, this 6th day of November 2014.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE