UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSE WILLIAMS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-6414 |
| PERRY MACK, ET AL. | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court are several motions in limine. See Rec. Docs. 26, 27, 28 and 31. Having considered the parties' submissions, **IT IS ORDERED** that:

(1) Defendants' "Motion in Limine to Exclude Orders From Other Cases Regarding Dr. J. Monroe Laborde, M.D." (Rec. Doc. 26) is **GRANTED IN PART** and **DENIED IN PART** to the extent that Plaintiffs may bring such orders, if relevant, to the attention of the Court outside of the hearing of the jury, but not otherwise.

(2) As discussed with counsel on October 22, 2014, following oral argument, Defendants' "Motion in Limine to Exclude Opinion Testimony by Dr. Michael Haydel, M.D." (Rec. Doc. 27) is **DENIED** as **MOOT**, given the Court's ruling that none of the parties' experts will be permitted to opine that the September 3, 2012 motor vehicle accident caused (or did not cause) Rose Williams' claimed injuries.

(3) Defendants' "Omnibus Motion for in Limine Evidentiary Ruling (Rec. Doc. 31) seeks to exclude certain evidence. The motion is **GRANTED** as unopposed relative to the exclusion of any reference to "unrelated and irrelevant media coverage or 'scandals'" involving Comcast and any evidence of the traffic citation issued to Perry Mack. Regarding testimony from Melvin

Williams, Brittany Williams, Rose Wade, and Lillie May Williams, Defendants' motion is **GRANTED** to the extent that a hearsay exception must be shown to apply to any hearsay evidence and a proper foundation must be established for lay opinion testimony.

Defendants' motion is **DENIED** as **MOOT** regarding Dr. Haydel for the same reasons stated above relative to the motion bearing record document number 27. The omnibus motion also is **DENIED** to the extent that it seeks a pre-trial exclusion of any particular evidence as cumulative and repetitive. Nevertheless, the Court expects all parties to abstain from the needless presentation of cumulative evidence and, if appropriate, will sustain an objection properly asserted at trial, pursuant to Federal Rule of Evidence 403, on such grounds.

Finally, Defendants' motion is **DENIED** to the extent that it seeks to exclude any and all references to Ace Insurance Company during trial. Given that Ace Insurance Company is a named defendant to this action, pursuant to the Louisiana Direct Action statute, La. R.S. 22:1269, Plaintiffs are entitled to inform the jury that Ace is a defendant because it is the liability insurer of co-defendants Comcast and Perry Mack. Evidence of the contents of the policy, including the amount of coverage provided, however, shall not be admitted unless the applicable requirements of Federal Rule of Evidence 411 are satisfied. Further, this ruling is without prejudice to Defendants' right to object at trial, if warranted, to the admission of particular evidence relative to Ace or the insurance coverage provided by it.

(4) Plaintiffs' "Motion to Strike Supplemental Expert Report and to Limit the Trial Testimony of Dr. Monroe Laborde" (Rec. Doc. 28) is **GRANTED**. As reflected in the parties' submissions, Plaintiffs' counsel did not receive the supplemental report until after the applicable deadline had passed. Further, the images discussed in the supplemental report were available long

before the report deadline. Defendants, however, offer no good reason as to why the supplemental report was not prepared and produced timely.[1] Finally, Dr. Laborde's opinion is unchanged in the supplemental report and, moreover, is consistent with the opinion offered by Plaintiffs' expert, Dr. Cenac, regarding the images. Accordingly, on the showing made, the Court finds the supplemental report should be stricken and Dr. Laborde's testimony limited to the opinions set forth in his original, timely produced, report.

New Orleans, Louisiana, this 17th day of November 2014.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

<u>Clerk to Copy</u>:

U.S. Magistrate Judge Michael North

---

[1] Dr. Laborde's original report states that he would like to review imaging that he did not have at the time he authored the report. See Rec. Doc. 28-4. Although Defendants' memorandum indicates that the imaging was later provided to him by counsel, the actual transmittal date of the imaging is not provided. See Rec. Doc. 67, p. 2.